UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LAKISHA GATLIN,

    Plaintiff,

vs.                                                              CASE NO.:

UNITED AUTO CREDIT
CORPORATION,

    Defendant

_____/

## COMPLAINT

    COMES NOW, Plaintiff, Lakisha Gatlin, by and through the undersigned counsel, and sues Defendant, UNITED AUTO CREDIT CORPORATION, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

    1.    The TCPA was enacted to prevent companies like UNITED AUTO CREDIT CORPORATION from invading American citizen's privacy and to prevent abusive "robo-calls."

    2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

    3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

1

4.	According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls.  The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.	Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6.	Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.	The alleged violations described herein occurred in Shelby County, Tennessee.  Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8.	Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Shelby County, Tennessee.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, UNITED AUTO CREDIT CORPORATION, is a corporation which was formed in California with its principal place of business located at 1961 Camelback St., Suite 100, Newport Beach, CA 92660-3046 and which conducts business in the State of Tennessee through its registered agent, Corporation Service Company, located at 2908 Poston Ave., Nashville, TN 37203-1312.

11. UNITED AUTO CREDIT CORPORATION called Plaintiff approximately one thousand two hundred (1,200) times since December 2015 in an attempt to collect a debt.

12. Upon information and belief, some or all of the calls UNITED AUTO CREDIT CORPORATION made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and that she also received prerecorded messages from UNITED AUTO CREDIT CORPORATION.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (901) ***-2789 and was the called party and recipient of Defendant's calls.

14. Beginning on or about December 2015, UNITED AUTO CREDIT CORPORATION began bombarding Plaintiff's cellular telephone (901) ***-2789 in an attempt to collect on an auto loan.

15. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to five (5) times a day from approximately December 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort to the collection of the subject account.

16. In or about February 2016 Plaintiff first requested that the calls to her cell phone cease by telling the Defendant to stop calling her cellular telephone number. The Plaintiff orally revoked her consent to be called by the Defendant many more times after that in an effort to stop the collection calls.

17. Each of the auto dialer calls the Defendant made to the Plaintiff's cellular telephone after approximately February 2016 were done so after she had revoked consent to be called by the Defendant utilizing automated dialing technology.

18. The auto dialer calls from Defendant came from the telephone numbers including but not limited to (205) 533-9148; (901) 730-8199; (205) 533-6228; (901) 254-7950; (205) 533-9433 and (205) 533-8603, and when those numbers are called a pre-recorded voice answers and identifies the company as "United Auto Credit".

19. Despite the Plaintiff's multiple requests for the calls to stop the Defendant continued to call the Plaintiff in violation of the TCPA.

20. The Plaintiff received an estimated one thousand (1,000) calls from the Defendant between the time she initially revoked her consent to be called in or about February 2016 and the filing of this law suit, and estimates dozens of other calls before that time period.

21. Despite Plaintiff informing Defendant to stop calling, the Defendant called the Plaintiff repeatedly, including but not limited to calls Plaintiff was able to log on June 23, 2016; June 24, 2016; June 25, 2016; June 26, 2016 and June 27, 2016.

22. UNITED AUTO CREDIT CORPORATION has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

23. UNITED AUTO CREDIT CORPORATION has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or UNITED AUTO CREDIT CORPORATION, to remove the number.

24. UNITED AUTO CREDIT CORPORATION's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to UNITED AUTO CREDIT CORPORATION they do not wish to be called.

25. UNITED AUTO CREDIT CORPORATION has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

26. UNITED AUTO CREDIT CORPORATION has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

27. UNITED AUTO CREDIT CORPORATION has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

28. UNITED AUTO CREDIT CORPORATION's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from UNITED AUTO CREDIT CORPORATION call list.

29. UNITED AUTO CREDIT CORPORATION has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

30. Not one of UNITED AUTO CREDIT CORPORATION's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

31. UNITED AUTO CREDIT CORPORATION willfully and/or knowingly violated the TCPA with respect to Plaintiff.

32. Due to each and every call placed without express consent by UNITED AUTO CREDIT CORPORATION to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

33. Due to each and every call without express consent placed by UNITED AUTO CREDIT CORPORATION to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from UNITED AUTO CREDIT CORPORATION call.

34. Due to each and every call placed without express consent by UNITED AUTO CREDIT CORPORATION to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

35. Each and every call placed without express consent by UNITED AUTO CREDIT CORPORATION to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications

and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

36. Each and every call placed without express consent by UNITED AUTO CREDIT CORPORATION to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

37. Each and every call placed without express consent by UNITED AUTO CREDIT CORPORATION to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

38. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing the risk of personal injury due to distraction, and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

39. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-eight (38) as if fully set forth herein.

40. UNITED AUTO CREDIT CORPORATION willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular

telephone after Plaintiff notified UNITED AUTO CREDIT CORPORATION that Plaintiff wished for the calls to stop

41.     UNITED AUTO CREDIT CORPORATION repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against UNITED AUTO CREDIT CORPORATION for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/Mark Lambert
Mark Lambert, Esquire
BPR #: 22509
Morgan & Morgan
1 Commerce Square, 26th Floor
Memphis, TN 38103
T: (901) 217-7000
F: (901) 333-1897
MLambert@forthepeople.com
Attorney for Plaintiff